UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


| | |
|---|---|
| SUNDEE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  SA-11-CA-0751-XR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | |

## ORDER

On this date, the Court considered the Report and Recommendation of the United States Magistrate Judge, filed April 18, 2012 (docket no. 16), and the objections thereto (docket no. 18). The Magistrate Judge recommends affirming the Commissioner's decision to deny benefits. After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation and AFFIRMS the Commissioner's denial of benefits.

## I. <u>Introduction</u>

Plaintiff seeks review and reversal of the administrative denial of her application for disability insurance benefits (DIB). Plaintiff contends that the ALJ erred by concluding that Plaintiff is not disabled and, therefore, not entitled to DIB. Plaintiff asks the Court to set aside the Memorandum and Recommendation of the Magistrate Judge and to reverse the decision of the ALJ.

## II. <u>Administrative Proceedings</u>

Based on the record in this case, Plaintiff fully exhausted her administrative remedies prior

to filing this action.  Plaintiff filed for DIB on October 1, 2008, alleging disability beginning January 20, 2008.[1]  The Commissioner denied the application initially on November 4, 2008, and upon reconsideration on December 22, 2008.[2]  A hearing was held before an ALJ on October 22, 2009.[3]  The ALJ issued a decision on March 18, 2010, denying benefits and finding that Plaintiff had not been disabled from January 20, 2008, through the date of the decision.[4]  Plaintiff requested review of the ALJ's decision, and the Appeals Council concluded that no basis existed to grant review on July 12, 2011.[5]  The ALJ's decision became the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action seeking review of the Commissioner's decision on September 9, 2011.[6]

### III. Analysis

**A. Standard of Review**

In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[7]  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable

---

[1] Social Security Administration Record, p. 130.

[2] *Id.* at 77-85.

[3] *Id.* at 39.

[4] *Id.* at 13-27.

[5] *Id.* at 1-4.

[6] Original Complaint, p. 1.

[7] *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

mind might accept as adequate to support a conclusion."[8]  Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[9]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[10]  In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from reweighing the evidence or substituting its judgment for that of the Commissioner.[11]  Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[12]  Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[13]

---

[8]*Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[9]*Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

[10]*Martinez*, 64 F.3d at 173.

[11]*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (The court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.).

[12]*Martinez*, 64 F.3d at 174.

[13]*Id*.

### 1. Entitlement to Benefits

Every individual who is insured for disability insurance benefits, has not attained retirement age, has filed an application for benefits, and is under a disability is entitled to receive disability insurance benefits.[14]  The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[15]  A claimant shall be determined to be disabled only if his or her physical or mental impairment or impairments are so severe that he or she is unable to not only do his or her previous work, but cannot, considering his or her age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work.[16]

### 2. Evaluation Process and Burden of Proof

Regulations set forth by the Commissioner prescribe that disability claims are to be evaluated according to a five-step process.[17]  A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[18]

---

[14] 42 U.S.C. § 423(a)(1).

[15] 42 U.S.C. § 1382c(a)(3)(A).

[16] 42 U.S.C. § 1382c(a)(3)(B).

[17] 20 C.F.R. §§ 404.1520 and 416.920.

[18] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[19]  If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience.[20]  The second step involves determining whether the claimant's impairment is severe.[21]  If it is not severe, the claimant is deemed not disabled.[22]  In the third step, the Commissioner compares the severe impairment with those on a list of specific impairments.[23]  If it meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience.[24]  If the impairment is not on the list, the Commissioner, in the fourth step, reviews the claimant's residual functional capacity and the demands of his or her past work.[25]  If the claimant is still able to do his or her past work, the claimant is not disabled.[26]  If the claimant cannot perform his or her past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given his or her residual capacities, age, education, and work experience, to do other work.[27]  If the claimant cannot do other work, he or she will be found disabled.  The claimant bears the burden of proof at the first four steps of the

---

[19] 20 C.F.R. §§ 404.1520 and 416.920.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

sequential analysis.[28]   Once the claimant has shown that he or she is unable to perform his or her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account her exertional and nonexertional limitations, able to maintain for a significant period of time.[29]   If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that he or she is unable to perform the alternative work.[30]

## B. Findings and Conclusions of the ALJ

In the instant case, the ALJ reached his decision at step five of the evaluation process.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date.[31]   At step two, the ALJ determined that Plaintiff has severe impairments, consisting of degenerative changes in the cervical and lumbar spine, bipolar disorder, and anxiety disorder.[32]   At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the Code of Federal Regulations.[33]   At step four, the ALJ found that the Plaintiff has the physical residual functional capacity to perform light and sedentary exertion and the mental residual functional capacity to perform detailed or simple tasks with modest contact with others, so Plaintiff is unable

---

[28]*Leggett*, 67 F.3d at 564.

[29]*Watson  v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

[30]*Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

[31] SSA Record, p. 15.

[32] *Id.*

[33] *Id.* at 15-20.

to perform any past relevant work.[34]   At step five, the ALJ determined that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."[35]   Thus, the ALJ concluded that the Plaintiff is not disabled as defined by the Social Security Act.[36]

## C. The Magistrate Judge's Recommendation and Plaintiff's Objections

Upon review of the Commissioner's decision that Plaintiff is not disabled as defined by the Act, the Magistrate Judge determined that the ALJ did not commit reversible error and his decision is supported by substantial evidence.[37]   The Magistrate Judge conceded that generally the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, but noted that the ALJ has sole responsibility for determining disability and is entitled to determine the credibility of medical experts and weigh their opinions accordingly.[38] The Magistrate Judge laid out the factors relevant to the weight given to physician opinions: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors.[39]   The Magistrate Judge also noted that opinions from medical sources which are technically not

---

[34]  *Id.* at 20-26.

[35]  *Id.* at 26-27.

[36]  *Id.* at 27.

[37] Report and Recommendation of the United States Magistrate Judge, p. 37.

[38] *Id.* at 27-28.

[39] *Id.* at 28.

"acceptable medical sources" can also be evaluated depending on the particular facts in a case.[40]  The Magistrate Judge pointed out that the ALJ's report provides an extensive summary and discussion of Plaintiff's medical evidence, specifically the treatment notes and opinions of Dr. Elliott-Mullens, Dr. Williams, and Mr. Peden.[41]

With regard to the opinion of Dr. Elliott-Mullens, the Magistrate Judge concluded that, even though the ALJ did not expressly identify by name the relevant factors in determining whether the opinion should be given controlling weight, the ALJ's decision reflects that the factors were properly considered and good reasons given for discounting the opinion.[42]  The ALJ recognized that Dr. Elliott-Mullens was Plaintiff's treating physician but found that her March 12, 2009, evaluation was not supported by the doctor's own findings or consistent with other evidence of record.[43]

With regard to the opinion of Dr. Williams, the Magistrate Judge similarly concluded that, even though the ALJ did not explicitly identify the factors, the ALJ's decision reflects that the factors were properly considered and good reasons provided for discounting the February 11, 2009, mental RFC assessment by Dr. Williams.[44]  The ALJ recognized Dr. Williams as Plaintiff's psychiatrist but found that the assessment was not supported by the doctor's own findings or consistent with other evidence of record, specifically the Plaintiff's testimony and statements on forms.[45]

---

[40] *Id.* at 28-29.

[41] *Id.* at 29.

[42] *Id.* at 32.

[43] *Id.* at 32-33.

[44] *Id.* at 35-36.

[45] *Id.* at 36.

With regard to the opinion of Mr. Peden, the Magistrate Judge concluded that the February 17, 2009 counseling notes were not fully supportive of the severity of Mr. Peden's April 6, 2009 assessment.[46]  The Magistrate Judge also found that the ALJ did consider the relevant factors in weighing the opinion, one of which was the fact that he was not an acceptable medical source.[47]  The Magistrate Judge recommended affirming the decision of the Commissioner, because the ALJ did not commit reversible error and his decision is supported by substantial evidence.[48]

In response to the Magistrate Judge's Report and Recommendation, Plaintiff filed objections asking this Court to set aside the Report.  First, Plaintiff objects to the legal standards used by the ALJ, arguing that the ALJ failed to properly apply the § 404.1527(d) factors and also had a duty to state clearly in his opinion specific reasons for rejecting the opinions and failed to do both.  Second, Plaintiff objects to the weight of the evidence, arguing that the opinion statements from treating sources (Dr. Elliott-Mullens and Dr. William) were entitled to controlling weight.

First, Plaintiff argues that the ALJ failed to properly apply legal standards in rejecting the various medical opinion statements.[49]  Plaintiff states that the Commissioner implicitly conceded that the ALJ had a duty to apply the § 404.1527(d) factors to weigh the opinions and failed to do so, and that the Magistrate Judge conceded that the ALJ did not expressly discuss any of the factors relevant to the weight given to the opinion statements.[50]  Plaintiff argues that multiple legal authorities

---

[46] *Id.* at 37.

[47] *Id.* at 36.

[48] *Id.* at 37.

[49] *Id.* at 4.

[50] *Id.*

impose a duty on the ALJ to clearly state in his decision specific reasons for rejecting the medical opinion of the claimant's treating physician about what activities the claimant can still do.[51]  Plaintiff argues that the Magistrate Judge here did not impose this duty upon the ALJ but instead weighed the evidence to show that the ALJ's RFC is well-supported, which is inconsistent with prior holdings of this Court.[52]  Plaintiff also argues that it was erroneous for the ALJ to reject Mr. Peden's opinion just because he is not an "acceptable medical source" without further analysis.[53]  Plaintiff notes that even the Commissioner concedes that the ALJ should not have dismissed the opinion without further analysis, because the Commissioner wrote in his Brief that "the ALJ could have provided a more thorough articulation of his rationale for discounting Mr. Peden's assessment."[54]

Plaintiff relies on a Sixth Circuit case for the ALJ's duty of articulation: it gives transparency to the process and it ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.[55]  Plaintiff further articulates that 20 C.F.R. § 416.927(d)(2), the regulation imposing this duty on the ALJ, bestows substantial rights on the claimant and requires rigorous compliance by the agency.[56]  Plaintiff argues that the Sixth Circuit

---

[51] *Id.* (citing 20 C.F.R. § 416.927(d)(2)).

[52] Plaintiff's Objections, p. 5 (citing *Barrientoz v. Massanari*, 202 F. Supp.2d 577 (W.D. Tex. 2002); *Morris v. Barnhart* SA-05-CA-1019-XR/NN, 2007 WL 496851, at *9 (W.D. Tex. Feb. 7, 2007)).

[53] *Id.* at 3.

[54] *Id.* (citing Defendant's Brief at 8).

[55] Plaintiff's Objections, p. 5 (citing *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004)).

[56] Plaintiff's Objections, p. 5 (citing *Wilson*, 378 F.3d at 547).

found that a failure to follow the mandatory discussion requirement for treating sources requires remand, even when there is substantial evidence supporting the Commissioner's decision.[57]

Second, Plaintiff argues that the opinion statements from treating sources were entitled to controlling weight, as controlling weight may be granted to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record."[58]   Plaintiff argues that the rationale used by the ALJ to reject these statements is erroneous, because the ALJ characterized the statements as RFCs (issues therefore reserved to the Commissioner) when the statements are actually medical source statements, not RFCs.[59]   Plaintiff argues that the Magistrate Judge did not address the evidence Plaintiff has shown to support the opinion statements and did not acknowledge that the ALJ did not consider this evidence.[60]   Instead, Plaintiff argues that the Magistrate Judge provided a new assessment of the record and re-weighed the evidence to support the ALJ's RFC, even though it is the ALJ's job to weigh evidence.[61]

Plaintiff notes that the Magistrate Judge states that Plaintiff failed to cite objective medical evidence that is consistent with Dr. Elliott-Mullens' opinion.[62]   Plaintiff argues that she showed in

---

[57] Plaintiff's Objections, p. 6 (citing *Wilson*, 378 F.3d at 547).

[58] Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, p. 1-2 (citing 20 C.F.R. § 404.1527(d)(2)).

[59] *Id.* at 2.

[60] Plaintiff's Objections, p. 3.

[61] *Id.*

[62] *Id.*

Plaintiff's Brief that objective studies in the record show spinal cord disorders consistent with claimant's disorders that were treated by Dr. Elliott-Mullens, and that the ALJ did not acknowledge these in his rejection of Dr. Elliott-Mullens' opinion statement.[63]   In Plaintiff's Brief, she argued that Dr. Elliott-Mullens had several objective studies performed which revealed abnormalities in Plaintiff's spinal cord, and these conditions were linked to Plaintiff's specific pain disorder.[64]

Plaintiff also notes that the Magistrate Judge states that Plaintiff cites no evidence to show that Dr. Williams' opinion is consistent with his own records or other evidence.[65]   Plaintiff argues that in her Brief she pointed to numerous statements in Dr. William's treating notes that are consistent with the significant mental disorders which did not improve despite treatment, and that the ALJ also did not acknowledge these.[66]   In Plaintiff's Brief, she argued that Dr. Williams often noted that Plaintiff's condition was unchanged despite treatment and he referred her for more intense treatment in a psychiatric hospital.[67]   She further argued that Dr. Williams' records showed no improvement and often referred to Plaintiff's reclusiveness, social withdrawal, and anxiety.[68]

For these reasons, Plaintiff requests that the Report and Recommendation be set aside and that the Court reverse or remand so Plaintiff may be found disabled.[69]

---

[63] Id.

[64] Plaintiff's Brief, p. 9 (citing Tr. 242, 232, 333).

[65] Plaintiff's Objections, p. 2.

[66] Id.

[67] Plaintiff's Brief, p. 9 (citing Tr. 451, 449, 429, 428, 418, 416, 414, 412, 410, 409, 407, 405, 403, 437).

[68] Plaintiff's Brief, p. 9-10 (citing Tr. 430, 453).

[69] Plaintiff's Objections, p. 6.

**D. Analysis**

Plaintiff claims that the ALJ erred by concluding that Plaintiff is not disabled as defined under the Social Security Act and, therefore, not entitled to Disability Insurance Benefits.

**1. Whether the ALJ applied the proper legal standards in evaluating the evidence**

The ALJ properly applied legal standards in deciding to give little weight to the medical opinion statements of Dr. Elliott-Mullens and Dr. Williams and the opinion statement of Mr. Peden. "Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight."[70]  In general, the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability.[71]  However, the ALJ is entitled to determine the credibility of medical experts and lay witnesses and weigh their opinions accordingly.[72]  The ALJ can reject a treating physician's opinion when the evidence supports a contrary conclusion.[73]  The factors relevant to the weight to give physician opinions are: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors.[74]  In his Report and Recommendation, the ALJ specifically stated that he "considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-

---

[70] SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006).

[71] *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

[72] 20 C.F.R. § 404.1527(e)(1).

[73] *Newton*, 209 F.3d at 455.

[74] 20 C.F.R. §§ 404.1527(d)(2)-(6).

03p."[75]  The Magistrate Judge also concluded that "the ALJ's report provides an extensive summary and discussion of plaintiff's medical evidence, specifically the treatment notes and opinions of Dr. Elliott-Mullens, Dr. Williams, and Mr. Peden."[76]

The Fifth Circuit has held that an ALJ may discount or even disregard entirely the opinion of a treating physician, if good cause is shown.[77]  In *Brown*, the Court found that good cause existed to disregard the physician's opinion because it was unsupported by the record, in that every other doctor consulted and an objective medical test indicated the claimant had no physiological basis for her medical complaint.[78]  In *Luckey*, the Court also found that the ALJ had good cause to reject the treating physician's assessment because it was inconsistent with the record.[79]

If there is not reliable medical evidence from a treating or examining physician that controverts the treating physician, though, the ALJ must perform a detailed analysis of the treating physician's opinion under the factors in 20 C.F.R. § 404.1527(d)(2).[80]  In *Newton*, the Fifth Circuit held that the ALJ failed to perform the required analysis by summarily rejecting the opinions of the claimant's treating specialist physician based only on the testimony of a non-specialty medical expert who had not examined the claimant.[81]  This regulation does not require the ALJ to explicitly discuss

---

[75] SSA Record, p. 20.

[76] Report & Recommendation, p. 29.

[77] *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999).

[78] *Id.*

[79] *Luckey v. Astrue*, 458 F. App'x 322, 326 (5th Cir. 2011).

[80] *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[81] *Id.* at 456, 458.

each of the factors, however, if the ALJ engages in a detailed discussion of the evidence and there are inconsistencies between the physician's opinion and the record.[82]

In a very recent unpublished Fifth Circuit case, the Court found that the ALJ adequately explained why he gave little weight to the treating physician's opinion.[83]  The Court conceded that the ALJ's opinion was "not written out as plainly as it could have been," but did "provide reasons for rejecting the doctor's opinion."[84]  The ALJ explained that many tests on the claimant came back normal and that he took the claimant's own testimony into account.[85]  The ALJ also explained that he discounted the testimony because the physician's opinions were more restrictive than anyone else's and contradicted the record evidence.[86]  The Court explained: "The medical tests done by Rentz that found no restrictions on Rollins's manipulative abilities are reliable medical evidence contradicting Centanni's opinion. Thus, with reliable medical evidence contradicting that opinion, the ALJ's recognition that Centanni's opinion was inconsistent with objective medical findings, other doctors' opinions, and the record as a whole satisfies the Social Security Administration's requirement 'always [to] give good reasons ... for the weight we give your treating source's opinion.'"[87]  Additionally, the Court found that any failure to walk explicitly through the factors was

---

[82] *Ward v. Barnhart*, 192 F. App'x 305, 308-09 (5th Cir. 2006).

[83] *Rollins v. Astrue*, 11-30691, 2012 WL 874571, at *5 (5th Cir. Mar. 15, 2012).

[84] *Id.* at *2.

[85] *Id.*

[86] *Id.* at *3.

[87] *Id.* at *4.

harmless.[88]

In *Beasley*, the Fifth Circuit did hold that the ALJ did not perform the required detailed analysis.[89]  The ALJ did not mention the § 404.1527(d) factors, and the Court was not confident that the ALJ in fact included the factors in his analysis.[90]  Another physician's opinion relied on by the ALJ did not controvert the treating physician's opinion but actually supported it, and the medical consultant's opinion relied upon by the ALJ, although it controverted the physician's opinion, was not entitled to that much weight because the medical consultant never examined or treated the claimant.[91]

### A) Dr. Elliott-Mullens

In determining that the opinion of Dr. Elliott-Mullens was entitled to little weight, the ALJ applied the proper legal standards.  The Court agrees with the Magistrate Judge that, although the ALJ did not expressly identify the relevant factors in determining what weight to give Dr. Elliott-Mullens' physical capacities evaluation, the ALJ's decision reflects that the factors were properly considered and good reasons given for discounting the evaluation.[92]  The ALJ found that the evaluation was not supported by the doctor's own findings or consistent with other evidence of record, and the Magistrate Judge concluded that these findings were supported by substantial

---

[88] *Id.*

[89] *Beasley v. Barnhart*, 191 F. App'x 331, 336 (5th Cir. 2006).

[90] *Id.*

[91] *Id.*

[92] Report & Recommendation, p. 32.

evidence.[93]  The inconsistency of Dr. Elliott-Mullens' opinion with her own previous findings and with the other evidence of record constitutes good cause for giving her opinion little weight.[94]  There is reliable medical evidence that contradicts the opinion of Dr. Elliott-Mullens, so her opinion was not entitled to controlling weight.[95]

Even if this did not constitute controverting medical evidence and the ALJ was required to go through the § 404.1527(d)(2) analysis, the ALJ properly considered the factors.[96]  This Court agrees with the Magistrate Judge that, although the ALJ did not expressly by name discuss the first, second, and fifth factors, the Plaintiff cites no evidence suggesting that the ALJ discounted the evaluation based on these factors or did not consider these factors.[97]  With respect to the third factor of supportability, the Magistrate Judge noted that the ALJ gave Dr. Elliott-Mullens' physical capacity evaluation little weight because it was not consistent with the doctor's own notes from an office visit at or near the same time.[98]  The Magistrate Judge also argues that Plaintiff cites no treatment notes from the doctor that support the doctor's severe physical capacities evaluation or controvert the ALJ's conclusion that findings in the doctor's previous examinations have been benign.[99]  Although Plaintiff refers to medical records showing abnormalities in her spine that cause

---

[93] *Id.* at 32-33.

[94] *See Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999).

[95] *See Rollins v. Astrue*, 11-30691, 2012 WL 874571, at *4 (5th Cir. Mar. 15, 2012).

[96] *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[97] Report and Recommendation, p. 29.

[98] *Id.* at 30.

[99] *Id.* at 31.

-17-

pain, evidence of abnormalities and pain alone are not sufficient to demonstrate that Plaintiff's limitations are the ones that Dr. Elliott-Mullens assessed.[100]  With respect to the fourth factor of consistency with other evidence, the Magistrate Judge emphasizes that the ALJ considered that Dr. Miller, who was treating Plaintiff for back pain, did not express an opinion about Plaintiff's pain associated limitations but did treat Plaintiff with medication for muscle spasms.[101]  The ALJ found no objective medical evidence supporting Dr. Elliott-Mullens' assessment, and concluded that the assessment should be given weight only to the extent that the RFC should be reduced to light exertion.[102]  With respect to the sixth factor, the Magistrate Judge points out that the ALJ found the evaluation was similar to an RFC assessment reserved for the Commissioner, so it was not entitled to special significance.[103]  The ALJ was not required to explicitly discuss each of the factors, and his extensive review of the evidence in the record was sufficient.[104]  This is not a case like *Newton* or *Beasley* where the ALJ summarily rejected the opinion of a treating physician based on non-controverting evidence.[105]

### B) Dr. Williams

The ALJ also properly applied the legal standards in determining that the opinion of Dr.

---

[100] *Id.*

[101] *Id.*

[102] *Id.* at 31-32.

[103] *Id.* at 32.

[104] *See Ward v. Barnhart*, 192 F. App'x 305, 308-09 (5th Cir. 2006).

[105] *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *Beasley v. Barnhart*, 191 F. App'x 331, 336 (5th Cir. 2006).

Williams was entitled to little weight.  This Court agrees with the Magistrate Judge's conclusion that, although the ALJ did not expressly identify by name the relevant factors, the decision reflects that they were considered.[106]  With respect to the third factor of supportability, the Magistrate Judge emphasizes that the ALJ found Dr. Williams' treating notes before and after the assessment are inconsistent with the assessment.[107]  With respect to the fourth factor of consistency, the Magistrate Judge points out that the ALJ concluded Dr. Williams' assessment should be given no weight as it was false based on the overwhelming evidence, including Plaintiff's testimony.[108]  With respect to the sixth factor, the Magistrate Judge states that the ALJ found the assessment amounted to a medical source opinion on issues reserved to the Commissioner and could not be given controlling weight, and also that Dr. Williams' opinions appeared to be based solely on Plaintiff's subjective complaints.[109]  Because good cause existed to discount the opinion of Dr. Williams and the ALJ sufficiently considered the § 404.1527(d)(2) factors, this Court finds that the ALJ properly applied the legal standards in determining what weight to give the opinion of Dr. Williams.

### C) Mr. Peden

The ALJ also did not err in discounting the opinion of Mr. Peden.  Mr. Peden's opinion was not entitled to controlling weight, but the ALJ was still required to consider the various factors in determining how much weight to give the opinion, which the ALJ did.[110]  With regard to factors two

---

[106] *Id.* at 35.

[107] *Id.* at 34.

[108] *Id.*

[109] *Id.* at 35.

[110] SSR 06-03P, 2006 WL 2329939 at *5.

and five, the Magistrate Judge points out that the ALJ identified Mr. Peden as a licensed professional counselor.[111]   With regard to factor four, the ALJ noted the assessment was not consistent with Plaintiff's testimony regarding her abilities.[112]   The Magistrate Judge concluded that the February 17, 2009, counseling notes were not fully supportive of the severity of Mr. Peden's assessment.[113] With regard to factor six, the ALJ found that the assessment was entitled to no weight with respect to the RFC analysis because Mr. Peden was not an acceptable medical source.[114]   The ALJ held that Mr. Peden's "assessment is given weight only to the extent it is consistent with the medical evidence of record and given no weight as to the claimant's residual functional capacity, as Mr. Peden is not an acceptable medical source."[115]   This Court finds that the ALJ sufficiently considered the factors in discounting the opinion of Mr. Peden and did not, as Plaintiff contends, discount it merely because Mr. Peden was not an acceptable medical source.

### 2. Whether the decision is supported by substantial evidence

The ALJ's decision to discount the opinions of Dr. Elliott-Mullens and Dr. Williams is supported by substantial evidence.   Plaintiff argues that the ALJ erroneously rejected the opinions of Dr. Elliott-Mullens and Dr. Williams as RFCs when if fact they are medical source statements.[116] Plaintiff argues that the ALJ failed to acknowledge evidence that is consistent with the opinions of

---

[111] *Id.* at 36.

[112] *Id.*

[113] *Id.* at 37.

[114] *Id.* at 36.

[115] SSA Record, p. 25.

[116] Plaintiff's Objections, p. 2.

Dr. Elliott-Mullens and Dr. Williams.[117]

### A) Dr. Elliott-Mullens

There is substantial evidence supporting the decision of the ALJ to discount the opinion of Dr. Elliott-Mullens, and the objective studies referred to by Plaintiff do not change this. Plaintiff argues that objective studies performed by Dr. Elliott-Mullens show abnormalities in Plaintiff's spinal cord that are consistent with Plaintiff's specific pain disorder and that the ALJ did not acknowledge these in rejecting Dr. Elliott-Mullens' opinion.[118]  Plaintiff also argues that the ALJ erred by characterizing the statement as an RFC and therefore reserved to the Commissioner.[119]  The ALJ did conclude that one of Dr. Elliott-Mullens' opinion amounted to an RFC, but this was just one factor taken into account and was not dispositive.

This Court agrees with the Magistrate Judge that "evidence of abnormalities and pain alone are not sufficient to demonstrate plaintiff's limitations are those Dr. Elliott-Mullens assessed."[120] The pages in the record cited by Plaintiff merely show notes by Dr. Elliott-Mullens stating, "Back pain check films" and "I will call for Miller and see what we can do for neck and head"and records from Dr. Miller showing that she has "advanced lumbar spondylosis."[121]  First, it is not clear that the ALJ failed to consider these studies as the Plaintiff contends.  Second, even if the ALJ did not consider these studies, it is unlikely that these studies would have been enough to overcome the other

---

[117] *Id.*

[118] Plaintiff's Objections, p. 2 (citing Plaintiff's Brief, p. 9).

[119] *Id.*

[120] Report & Recommendation, p. 31.

[121] SSA Record, p. 242, 232, 333.

evidence in the record controverting the opinion of Dr. Elliott-Mullens.  Additionally, the Fifth

Circuit has held that, when dealing with an extensive record, there will always be some evidence that

is not specifically discussed, but the Court's review is limited to examining whether the decision is

supported by substantial evidence in the record.[122]

### B) Dr. Williams

There is also substantial evidence in the record supporting the ALJ's decision to discount the

opinion of Dr. Williams.  Plaintiff argues that numerous statements in Dr. Williams' treating notes

are consistent with Plaintiff's significant mental disorders, and that the ALJ did not acknowledge

these in his rejection of Dr. Williams' opinion.[123]  Plaintiff also argues that the ALJ erroneously

characterized Dr. Williams' opinion as an RFC.[124]  The ALJ did conclude that Dr. Williams' opinion

amounted to a medical source opinion on issues reserved to the Commissioner and could not be

given controlling weight but also went on to state that the other evidence showed Dr. Williams'

analysis to be false anyway.[125]

The pages in the record cited by Plaintiff show that the box for "No Changes" under

Diagnoses was often checked on Plaintiff's medical charts, and that Plaintiff was referred to inpatient

care.[126]  Plaintiff also cited to two letters addressed "To Whom It May Concern" from Dr. Williams

that tell what Plaintiff was being treated for, her current medications, type of treatment, and

---

[122] *Giles v. Astrue*, 433 F. App'x 241, 251 (5th Cir. 2011).

[123] Plaintiff's Objections, p. 2.

[124] *Id.*

[125] SSA Record, p. 18.

[126] *Id.* at 451, 449, 429, 428, 418, 416, 414, 412, 410, 409, 407, 405, 403, 437.

symptoms.[127]   One letter states, "We are recommending long-term disability at this time."[128] However, the existence of some consistent treating notes from Dr. Williams is not enough to overcome the other evidence in the record showing that Dr. Williams' opinion is not supported by the evidence.  The Court also cannot conclude that the ALJ's failure to specifically mention the treatment notes caused the Plaintiff any harm.

## IV. Conclusion

There was substantial evidence in the record to support the ALJ's determination that Plaintiff was not disabled.  The ALJ properly gave little weight to the opinions of Dr. Elliott-Mullens and Dr. Williams because they were inconsistent with other medical evidence of record.  The ALJ also properly gave little weight to the opinion of Mr. Peden because his opinion was not consistent with other evidence of record and he was also not an "acceptable medical source."  Although the ALJ did not specifically mention by name the relevant § 404.1527(d)(2) factors in determining how much weight to give the treating physicians' testimony, the ALJ did take these factors into account in his extensive discussion of the record.  The Court therefore AFFIRMS the Commissioner's decision to deny benefits.

SIGNED this 21st day of June, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[127] *Id.* at 430, 453.

[128] *Id.* at 453.